**In re Anthony Robert ELWOOD, Debtor.**

**Ameriquest Mortgage Company, Plaintiff,**

v.

**Anthony Robert Elwood, et al., Defendants.**

Bankruptcy No. 02–21585.
Adversary No. 02–6057.

United States Bankruptcy Court, W.D. Missouri.

March 26, 2003.

Thomas J. O'Neal, Esq., Shughart Thomson & Kilroy, Springfield, MO, for Plaintiff.

W. Christopher Hodge, Esq., Knob Noster, MO, C. Dudley Martin, Esq., Martin and Associates, P.C., Springfield, MO, for Defendants.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Ameriquest Mortgage Company has filed an adversary action in which it requests a determination of the validity and priority of liens against certain real estate which is property of the estate of Debtor Anthony Robert Elwood.[1] The Court has

---

1. The real estate, located in Greene County, Missouri, is described as follows:
   All of Lot Fifty (50) Amended Plat of JAMES RIVER ADDITION, in Greene County, Missouri and all of that real estate designated as "Reserved" on the Amended Plat of James River Addition, a subdivision in Greene County, Missouri, north of those

jurisdiction over this matter and these parties and may enter final orders pursuant to 28 U.S.C. §§ 1334, 157(a), and 157(b)(1).

## ISSUES PRESENTED

Was an Order Reviving Judgment entered by the Associate Division of the Circuit Court of Greene County, Missouri, which referred to the underlying Judgment entered by the Associate Division, rather than the transcription of the Judgment in the Circuit Court, effective to revive the judgment creditor's judgment and lien?

## DECISION

The Order Reviving Judgment entered by the Associate Division of the Circuit Court properly revived the judgment creditor's judgment and lien. The judgment creditor's lien, therefore, has priority over a Deed of Trust filed in the intervening period.

## FACTUAL BACKGROUND

According to the Stipulation of Facts and exhibits filed at the hearing on this action, Contractors Supply Company filed suit, pursuant to Chapter 517 of the Revised Missouri Statutes, in the Circuit Court for Greene County, Missouri, Associate Division Number Twenty–Three, against Anthony R. Elwood, the Debtor herein, on September 14, 1998.[2] On February 2, 1999, the Circuit Court for Greene County, Missouri, Associate Division Number Twenty–Three, entered a Judgment in favor of Contractors Supply, in the amount of $27,407.52, plus attorney's fees and

costs, with interest at 18% per annum.[3] A transcript of the Judgment was filed with the Clerk of the Circuit Court for Greene County, Missouri, on February 11, 1999, who duly recorded the transcript in the permanent records of the Circuit Court Judgments.[4]

On December 30, 1999, Sharon Kay Williams and Anthony Elwood executed a Deed of Trust securing repayment of an obligation to Keith Jones as trustee for Conseco Financing Services Corporation, with a maximum limit of $129,235.69. This Deed of Trust was filed with the Green County Recorder's office on June 26, 2000.[5]

On August 15, 2000, Sharon Kay Williams transferred title in the real estate to Anthony Elwood, by General Warranty Deed filed that same date in the Greene County Recorder's office.[6]

On April 12, 2001, Anthony Elwood and his wife, Rachel Elwood, conveyed the real estate to American Property Management, Inc., by Quit Claim Deed filed in the Greene County Recorder of Deeds Office. On September 22, 2001, American Property Management, Inc., conveyed the real property to Anthony Elwood. The Warranty Deed by Corporation was filed with the Greene County Recorders Office on October 5, 2001.[7]

Also on September 22, 2001, Ameriquest Mortgage Company loaned to Anthony Elwood the sum of $174,150 by way of an Adjustable Rate Note. Part of the proceeds from the Ameriquest loan were used to pay off Conseco's debt and so Conseco

---

numbered lots designated as Lots 46 through 50 inclusive.
See Stipulation of Facts, p. 1–2.

**2.** *Id.* at 2; Exhibit 1.

**3.** *Id.;* Exhibit 2.

**4.** *Id.;* Exhibit 2.

**5.** *Id.;* Exhibit 3.

**6.** *Id.;* Exhibit 4.

**7.** *Id.* at 3; Exhibits 5 and 6.

released its Deed of Trust on the real estate.[8] The repayment of the obligation to Ameriquest was secured by a Deed of Trust on the real estate, dated September 22, 2001, and filed with the Greene County Recorder's Office on October 5, 2001.[9]

On December 26, 2001, Contractors Supply filed a Motion to Revive Judgment in the Circuit Court of Greene County, Missouri, Associate Division Number Twenty–Two. That same date, the associate circuit judge of that division issued an order for Anthony Elwood to show cause why the judgment should not be revived.[10] After notice and hearing, the Circuit Court for Green County, Missouri, Associate Division Number Twenty–Two, entered an Order Reviving Judgment on January 29, 2002.[11] A transcript of the Order Reviving Judgment was filed with the Clerk of the Circuit Court for Greene County, Missouri, on January 29, 2002, and it was recorded it in the permanent records of Circuit Court Judgments.[12]

Anthony Elwood filed his Chapter 13 Bankruptcy Petition on August 20, 2002. As of February 28, 2003, Elwood owed Contractors Supply the sum of $50,229.85 on the Greene County Judgment.[13]

### LEGAL ANALYSIS

■ Initially, Ameriquest filed its Complaint in two counts, but it announced at hearing that it was dropping its second count. In its sole remaining count, Ameriquest asserts, in sum, that the lien created by its Deed of Trust is superior to Contractors Supply's prior judgment lien be-

cause Contractors Supply's lien was not properly revived and therefore lapsed.

The parties do not dispute that, pursuant to Missouri Statutes and Rules,[14] Contractors Supply's recorded Transcript of Judgment became a lien against any real estate owned or acquired by Elwood in Greene County and, as a result, Contractors Supply's judgment lien attached to the disputed real estate on August 15, 2000, the date Elwood acquired title to it. Contractors Supply's lien, therefore, was prior to and superior to Ameriquest's subsequently filed Deed of Trust which was filed on October 5, 2001. Pursuant to Rule 74.08,[15] Contractors Supply's lien continued for a period of three years from the entry of the judgment, and therefore, unless Contractors Supply revived its judgment lien, it would have expired on February 10, 2002.

Contractors Supply's revival of its Judgment is the subject of this dispute. As stated above, Contractors Supply filed its Motion to Revive Judgment in the Associate Division of the Circuit Court for Greene County, Missouri. The Order Reviving Judgment was entered on January 29, 2002, by the Associate Circuit Judge and it was recorded with the Circuit Court Clerk's Office that same day, all before the expiration of the three-year revival period.

Ameriquest asserts this revival was not effective and the lien therefore lapsed, giving its Deed of Trust first priority. The crux of Ameriquest's argument is that the judgment that should have been revived is the judgment that created the lien, which would be the February 11, 1999 Circuit

---

8.  *Id.* at 3–4; Exhibits 9 and 10.

9.  *Id.* at 3; Exhibits 7 and 8.

10.  *Id.;* Exhibit 11.

11.  *Id;* Exhibit 12.

12.  *Id;* Exhibit 12; *see also* Exhibit 13.

13.  *Id.;* Exhibit 14.

14.  *See* Mo.Rev.Stat. § 517.151; Mo. R. Civ. P. 74.08.

15.  Mo. R. Civ. P. 74.08.

Court transcript of Judgment, and not the February 2, 1999 Associate Circuit Court Judgment. Because the Motion to Revive Judgment and the Order of Revival were filed in the Associate Circuit Court and referred to the February 2 Judgment, Ameriquest asserts the Order revived the wrong judgment and was, therefore, ineffective to extend Contractors Supply's lien.

I have concluded that Ameriquest's argument must fail. Pursuant to § 511.350 of the Missouri statutes, "Judgments and decrees rendered by the associate divisions of the circuit courts shall not be liens on the real estate of the person against whom they are rendered until such judgments or decrees are filed with the clerk of the circuit court pursuant to sections 517.141 and 517.151, RSMo." [16] Section 517.141, in turn, provides:

**Transcript of judgment, treatment of—duty of clerk**

On demand of any person interested therein, whether by assignment or otherwise, every clerk or officer who shall be in possession of the record of judgment shall give to such person a certified transcript of such judgment. Upon production of any such transcript, the clerk of the circuit court of the county in which the judgment was rendered shall record the same in his permanent record of the circuit court judgments, and note therein the date and hour of its filing.[17]

Section 517.151 provides, in pertinent part:

**Judgment to be lien on real estate from time of filing transcript—fees for filing—revival of lien**

From the time of filing the transcript, every such judgment shall have the same lien on the real estate of the defendant in the county as is given judgments rendered by circuit judges.... The revival of any such lien upon real estate shall be under the same procedures as with judgments originally rendered by a circuit judge, shall be made from the record of the transcripted judgment so filed in the office of the circuit clerk, and may be revived under proceedings before either a circuit or an associate circuit judge.[18]

According to the Rule 74.08 of the Missouri Rules of Civil Procedure, unless revived by a revival of the judgment, the lien of a judgment continues for three years.[19] Revival of judgments is addressed in Rule 74.09:

(a) **When and by Whom.** A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b) **Order to Show Cause.** Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

(c) **Judgment of Revival.** If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.[20]

---

**16.** Mo.Rev.Stat. § 511.350.2.

**17.** Mo.Rev.Stat. § 517.141.

**18.** Mo.Rev.Stat. § 517.151.

**19.** Mo. R. Civ. P. 74.08, made applicable to this case by § 517.021.

**20.** Mo. R. Civ. P. 74.09

Although the topic was discussed at length at the hearing, I have no doubt that a motion for revival may be brought and entered in the Associate Division of the Circuit Court. First of all, as set out above, § 517.151 specifically provides that a judgment may be revived before either a circuit or an associate circuit judge. Furthermore, under the current version of the Missouri statutes regarding the jurisdiction and authority of the circuit courts, which were significantly amended in 1989, "Circuit judges and associate circuit judges may hear and determine all cases and matters within the jurisdiction of their circuit courts." [21]

> Missouri courts, when analyzing these changes, have consistently held that the legislature intended to *abolish the jurisdictional differences* between the two categories of judges; that although other statutes or local court rules may place limitations on what judge is assigned to hear a particular case or class of cases, it is clear that both circuit and associate circuit judges now have statutory jurisdiction to hear and determine all cases within the jurisdiction of their circuit court. Moreover, these cases hold that statutes or local rules that limit what judge can be assigned to hear a case or class of cases are merely procedural guidelines that do not affect the subject matter jurisdiction of the judge; consequently, a party waives any complaint about non compliance with an assignment directive by not timely objecting about such failure.[22]

▪ Thus, having determined that the Associate Division of the Circuit Court had the authority to revive the judgment, the question, then, is whether the Court revived the correct judgment. Again, both the Motion to Revive Judgment and the Order Reviving Judgment refer to the February 2 Judgment entered by the Associate Division, and not the February 11 transcripted judgment. Noting that there is no caselaw on the issue, Ameriquest asserts that Contractors Supply should have revived the February 11 transcripted judgment and that the revival of the February 2 judgment was ineffective. I disagree.

Underlying Ameriquest's argument is the notion that a separate judgment is created upon the recording of the transcript with the Circuit Court. However, I could find no legal authority supporting that notion. As set out above, § 511.350 provides that judgments rendered by the Circuit Courts "shall be liens on the real estate of the person against whom they are rendered," whereas "[j]udgments and decrees rendered by the associate divisions of the circuit courts shall not be liens on the real estate of the person against whom they are rendered until such judgments or decrees are filed with the clerk of the circuit court." [23] In other words, judgments of Associate Divisions of the Circuit Court become liens on real estate when they are filed with the Clerk of the Circuit Court. As I interpret this statute, then, the recording of the transcript with the Circuit Court Clerk's Office merely creates the lien which would automatically accompany Circuit Court judgments; it does not, it appears to me, create a new or separate judgment in the Circuit Court.

**21.** Mo.Rev.Stat. § 478.220.

**22.** *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 167–68 (S.D.Mo.App. 2002) (emphasis in original; citations and quotemarks omitted); *see also State v. Williams,* 46 S.W.3d 35, 38 (E.D.Mo.App. 2001); *Drienik v. Clifford,* 944 S.W.2d 266, 268 (E.D.Mo.App.1997).

**23.** Mo.Rev.Stat. § 511.350.1 and 2.

This conclusion is supported elsewhere in the Missouri statutes and rules. Missouri statutes define "judgment" as "the final determination of the right of the parties in the action."[24] In this case, the final determination of the parties' rights occurred with the February 2 Judgment, and not the recording of the transcript of that Judgment. In addition, according to the Missouri Rules of Civil Procedure:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case. A docket sheet entry complying with these requirements is a judgment unless the docket sheet entry indicates that the court will enter the judgment in a separate document. The separate document shall be the judgment when entered.[25]

With certain exceptions not applicable here, an appeal may be taken from the judgment of the Associate Division of the Circuit Court.[26] I have found no provision providing for an appeal from the recording of a transcript of a judgment. Further, the entries on the docket sheet in this particular case do not support the notion that a separate judgment was entered when the Associate Division Judgment was transcripted. Particularly, the docket sheet shows for February 2, 1999: "PLT BY ATTY PARKER. DEFT FAILS TO APPEAR. JUDGMENT FOR FORMAL [sic]. MEF/MKD."[27] In contrast, a docket entry for February 10, 1999, merely shows: "Judgment transcripted to Circuit Court."[28] There is no docket entry on February 11, 1999.[29] Moreover, the February 2 Judgment is, naturally, signed by the Associate Circuit Judge.[30] What purports to be the transcripted judgment, as submitted as an exhibit here, merely contains the front page of the February 2 Judgment filestamped by the Circuit Court Clerk on February 11, 1999. It contains the signature of no judge and the signature page of the February 2 Judgment is even missing.[31] These facts, therefore, support the conclusion that the February 11 recording of the transcript was not a "judgment" as defined by the rules.

Consequently, I conclude that the February 11 recording of the transcript by the Circuit Court Clerk's office did not create a new judgment for purposes of revival. Rather, it was a procedural formality for purposes of creating the accompanying judgment lien. As a result, the Order Reviving Judgment, which referred to the February 2 Judgment, was effective to revive Contractors Supply's lien. It therefore has priority over Ameriquest's Deed of Trust.

An Order consistent with this Memorandum Opinion will be entered this date.

---

24. Mo.Rev.Stat. § 511.020.

25. Mo. R. Civ. P. 74.01(a).

26. *See* Mo.Rev.Stat. § 512.180.

27. Exhibit 13. Note that the initials MEF likely stand for Mark E. Fitzsimmons, Associate Circuit Judge for Division 23.

28. *Id.*

29. *Id.*

30. Exhibit 2.

31. *Id.*