**STATE of Missouri, Respondent,**

v.

**Randy ELLIOTT, Appellant.**

**No. WD 55319.**

Missouri Court of Appeals, Western District.

Jan. 26, 1999.

David Simpson, State Public Defender Office, Columbia, for Appellant.

Breck Burgess, Attorney General Office, Jefferson City, for Respondent.

SPINDEN, Judge.

Randy Elliott appeals the circuit court's judgment convicting him of attempted forcible rape, first-degree burglary, first-degree robbery, and first-degree assault. Randy Elliott contends that the circuit court erred in denying his motion for acquittal because the state's evidence did not prove its case and in convicting him of charges which were lesser-included offenses of one another. The circuit court erred in convicting Elliott of both first-degree robbery and first-degree assault, and we reverse the conviction for first-degree robbery. We, therefore, order that the portion of the circuit court's judgment pertaining to first-degree robbery be vacated. We find no other reversible error in the circuit court's judgment and affirm the remainder of it.

The state accused Elliott of attacking a 71–year–old woman in her Kansas City house on December 11, 1996. After the woman let Elliott into her house to use her telephone, Elliott threw her to the floor, removed her clothes, put one of his fingers into her vagina, and beat her with his fists.

In his first point on appeal, Elliott contends that circuit court erred in denying his motion for acquittal at the close of the state's evidence and in entering his conviction for first-degree burglary because the state did not prove that he "knowingly remained unlawfully" in the victim's house. Elliott argues that, because the victim invited him into her house, the state had to prove that she revoked her consent, and it did not.

The scope of review in a court-tried case is the same as that of a case tried to a jury. *State v. Turnbough,* 604 S.W.2d 742, 744 (Mo.App.1980). In determining whether

substantial evidence existed to support the court's finding, all evidence favorable to the verdict is accepted as true, and all evidence to the contrary is disregarded. *Id.* At trial, the victim testified that Elliott did not have permission to be in her house when he attacked her. Further, Elliott's attorney, in her closing argument said, "With regard to the [burglary charge], . . . we agree he remained unlawfully. I believe most clearly [the victim] did not want him to remain there." Elliott's first point is without merit.

In his second point, Elliott challenges his first-degree robbery conviction on the ground that the state did not show that the physical force he used to attack the victim was for the purpose of stealing her money. During the attack, she offered to give him the $20 she had in her purse if he would stop attacking her. He stopped the attack and took her money. He argues that he intended for his physical force to overcome her resistance to his raping her—he did not intend to use it to get money from her.

His argument is absurd. In *State v. Kelly,* 539 S.W.2d 106 (Mo. banc 1976), the Supreme Court rejected an identical argument under identical circumstances as "so utterly devoid of merit that it hardly warrants discussion:"

> It is obvious that the suggestion that defendant take the money was made in order to get him to stop the beatings. It is also reasonable to assume that the victims were acting under the belief that if defendant did not get the money he would again commence beating them. Under these circumstances the jury could reasonably find that the taking was accomplished by putting the victims "in fear of immediate injury to their person and by violence to their persons" as alleged in the information.

*Id.* at 109.

■ The state established that Elliott was beating and attempting to rape the victim when she offered money in exchange for Elliott's stopping the attack. Elliott stopped the attack, got dressed, and demanded the money. The violence clearly was the cause for the taking—her fear in the middle of Elliott's attack compelled her to give up her money to save herself.

In his third point, Elliott contends that convicting him of both first-degree robbery and first-degree assault and both attempted forcible rape and first-degree assault violated his constitutional guarantee against double jeopardy.[1] He argues that first-degree assault is a lesser-included offense of first-degree robbery because the element of knowingly causing serious physical injury to another person is essential to both offenses. He also argues that first-degree assault is a lesser-included offense of attempted forcible rape because the General Assembly did not intend for assault with an intent to commit rape to be chargeable as two separate crimes.

Elliott raises the issue for the first time in this appeal. This preserves nothing for us to review, but he asks us to review the matter as plain error as Rule 30.20 authorizes us to do.

Missouri courts have long enforced the rule that a defendant must raise a constitutional attack at the earliest opportunity, and his failure to do so preserves nothing for appellate review. *State v. Flynn,* 519 S.W.2d 10, 12 (Mo.1975). A number of Missouri cases have held that the constitutional protection to be free from double jeopardy is a personal right or privilege which is waived if not timely and properly asserted at trial or when entering a guilty plea. See *State v. Rosendahl,* 938 S.W.2d 274, 277 (Mo.App. 1997); *State v. Gaver,* 944 S.W.2d 273, 279 (Mo.App.1997); *State v. Baker,* 850 S.W.2d 944, 947 (Mo.App.1993).

■ The state argues that, by not raising the constitutional claim at the earliest opportunity, Elliott waived the issue. The Supreme Court, however, has instructed that, because the right to be free from double

---

1. U.S. Const. amend. V (no person shall "be subject for the same offense to be twice put in jeopardy of life or limb"). The Fifth Amendment applies to Missouri governmental action by virtue of the due process clause of U.S. Const. amend. XIV. *State v. McTush,* 827 S.W.2d 184, 186 (Mo. banc 1992)(citing *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)).

jeopardy is a constitutional right which goes "to the very power of the State to bring the defendant in the court to answer the charge brought against him," an exception should be made in any case in which we can determine from the face of the record that the court had no power to enter the conviction. *Hagan v. State*, 836 S.W.2d 459, 461 (Mo. banc 1992). We have such a case here, so we grant plain error review.

■ The double jeopardy clause protects defendants from multiple punishments that the General Assembly did not intend. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992). The protection against cumulative punishments for the same offense "is designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature." *Id.* (quoting *Ohio v. Johnson*, 467 U.S. 493, 498–99, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984)). When the General Assembly *specifically* authorizes multiple punishment under statutes which proscribe the same conduct, the circuit court may sentence cumulative punishments without offending the double jeopardy clause. *Id.* (citing *Missouri v. Hunter*, 459 U.S. 359, 366–69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)).

■ The General Assembly did not authorize multiple punishment for first-degree assault and first-degree robbery in either § 565.050, RSMo 1994 (first-degree assault), or § 569.020, RSMo 1994 (first-degree robbery). In § 556.041, RSMo 1994, the General Assembly mandated:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

Section 556.046, RSMo 1994, says:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

The only part of § 556.046 which is applicable to Elliott's case is subsection (1). In determining whether § 556.046 authorizes multiple punishment, we are to focus on the statutory elements of the offenses, not the proof adduced at trial. *McTush*, 827 S.W.2d at 188.

The state charged Elliott with assault causing serious physical injury to the victim [2] and with causing a serious physical injury to rob her.[3] The first-degree assault charge did not require proof of a fact which the robbery charge did not also require. It was, therefore, a lesser included offense of first-degree robbery as defined in § 556.046.1(1).

---

**2.** Section 565.050, RSMo 1994, defines first-degree assault as "attempt[ing] to kill or knowingly caus[ing] or attempt[ing] to cause serious physical injury to another person."

**3.** Section 569.020, RSMo 1994, defines first-degree robbery as "forcibly steal[ing] property and in the course thereof [the person], or another participant in the crime, (1) causes serious physical injury to any person[.]"

Although § 556.041 permitted the state to *charge* Elliott with both offenses, it did not permit *conviction* of both.

The state counters that, in *State v. Sprous,* 639 S.W.2d 576 (Mo. banc 1982), and *State v. Pettis,* 748 S.W.2d 793 (Mo.App.1988), the courts permitted conviction of first-degree assault and first-degree robbery in the face of a challenge based on the double jeopardy clause. In each of these cases, however, the state charged the defendants with using a deadly weapon or dangerous instrument to perpetrate first-degree robbery. This made the first-degree robbery charges unique to first-degree assault. In *McTush,* the Supreme Court held that conviction of first-degree assault and first-degree robbery by use of a deadly weapon did not violate § 556.046.1(1). *McTush,* 827 S.W.2d at 188. The Supreme Court noted in the case, "Had appellant been charged under § [569.020.1(1) ], stealing by causing serious injury, rather than under § 569.020.1(2), the present case would come within the prohibition contained in § 556.041(1)." *Id.* at n. 1.

■ Elliott's conviction of first-degree assault and first-degree robbery violated the double jeopardy clause. Because the circuit court imposed concurrent sentences, we can cure the violation by ordering that the shorter of the circuit court's sentences be vacated. *Reed v. State,* 778 S.W.2d 313, 320–21 (Mo. App.1989). The circuit court sentenced Elliott to 20 years in prison for first-degree robbery to run concurrently with life in prison for first-degree assault. We, therefore, vacate the circuit court's sentence for first-degree robbery.

Elliott further claims that the circuit court's convicting him of first-degree assault and attempted forcible rape also violated his guarantee of rights under the double jeopardy clause. This claim is without merit.

■ When a person uses different acts to commit rape and assault, the courts can convict him of both crimes. *State v. Wilson,* 719 S.W.2d 28, 34 (Mo.App.1986). The state alleged in the attempted forcible rape count that Elliott forcibly removed the victim's clothing. Forcible rape requires proof of the element of forcible compulsion.

It does not require proof of serious physical injury. The state alleged in the first-degree assault count that Elliott seriously injured the victim by punching her in the eye. First-degree assault requires proof that Elliott caused serious physical injury, an element not required to establish attempted forcible rape.

We, therefore, order that the circuit court's sentence and conviction for first-degree robbery be vacated. We affirm the remainder of the circuit court's judgment.

HAROLD L. LOWENSTEIN, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.