**Randy D. ELLIOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 58206.

Missouri Court of Appeals,
Western District.

Nov. 7, 2000.

---

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Randy D. Elliot was convicted of one count of attempted forcible rape, one count of forcible sodomy, one count of first degree assault, one count of first degree robbery, and one count of first degree burglary. He appeals the circuit court's judgment denying his Rule 29.15 motion for postconviction relief without an evidentiary hearing. He contends that his attorney was ineffective for not impeaching the victim with a prior inconsistent statement which would have provided him a complete defense to the charge of forcible sodomy. The state concedes that we should remand this case to the circuit court for an evidentiary hearing. We agree and reverse the circuit court's judgment and remand to the circuit court to conduct an evidentiary hearing.

■ To be entitled to an evidentiary hearing on his postconviction motion, Elliott's motion had to satisfy three requirements: (1) allege facts—not conclusions— which, if true, warranted relief; (2) allege facts not refuted by the record; and (3) establish that the matters complained of prejudiced Elliott. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992).

In considering Elliott's direct appeal of his convictions, this court reported:

The state accused Elliott of attacking a 71–year–old woman in her Kansas City house on December 11, 1996. After the woman let Elliott into her house to use her telephone, Elliott threw her to the floor, removed her clothes, put one of his fingers into her vagina, and beat her with his fists.

*State v. Elliott*, 987 S.W.2d 418, 419 (Mo. App.1999). We vacated the robbery conviction and sentence but affirmed the remaining convictions and sentences, including the conviction for forcible sodomy.[1]

■ In his postconviction motion, Elliott alleged that his attorney should have impeached the victim with a prior inconsistent statement that Elliott did not penetrate her vagina with his finger. At trial, the victim testified that Elliott's finger had penetrated her "slightly." According to Elliott's motion, the victim testified in her deposition that Elliott had only touched, rather than penetrated, her vagina with his finger. Elliott's motion alleged that, although the victim testified in her deposition that Elliott's finger "barely" penetrated her vagina, she then said, "I guess you'd say touching." Elliott's motion also alleged that this would have provided him with a complete defense to the charge of forcible sodomy. The state concedes that the present record does not refute this allegation. Because Elliott has pleaded sufficient facts, which if taken as true, may merit relief, we remand this case to the

---

1. "A person commits the crime of forcible sodomy if he has deviate sexual intercourse with another person by the use of forcible compulsion." Section 566.060.1, RSMo 1994. " 'Deviate sexual intercourse' means any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]" Section 566.010(1), RSMo 1994.

circuit court for an evidentiary hearing on this claim.

EDWIN H. SMITH, Judge and HOWARD, Judge, concur.