Garland L. WILDER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93032.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 2010.

Scott Thompson, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Terrence M. Messonnier, Assistant Attorney General, Jefferson City, MO, for respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Garland Wilder (Movant) appeals from the motion court's denial, without an evidentiary hearing, of his Rule 24.035 [1] amended motion for post-conviction relief. Finding no clear error in the motion court's ruling, we affirm.

### Background

On May 26, 2005, the State of Missouri (State) filed a complaint against Movant charging him with one count of burglary in the first degree, in violation of Section 569.160, RSMo 2000 [2], and one count of

---

1. Unless otherwise stated, all rule references are to Missouri Court Rules (2008).

2. All statutory references are to RSMo 2000, unless otherwise stated.

statutory sodomy in the second degree, in violation of Section 566.064, relating to an alleged incident early that morning. The complaint alleged that the 15 year-old female victim, S.E. (Victim), awoke around 2:00 a.m. to find Movant in her bedroom. After telling Victim, "You know what I want," the complaint alleges Movant attacked Victim, punching her, choking her, grabbing her breast, and penetrating her vagina with his fingers. Victim's sister heard a commotion and went into Victim's room and saw Movant attacking Victim. Movant then also attacked Victim's sister. The complaint asserts that at some point Victim may have blacked out as a result of the attack.

The State later filed an indictment against Movant on January 3, 2007, charging Movant with not only burglary in the first degree, but also first degree assault, in violation of Section 565.050, and attempted forcible rape, in violation of Section 566.0;0.[3] The State alleged that Movant "knowingly entered unlawfully in an inhabitable structure ... for the purpose of committing attempted rape therein," punched and choked Victim which was a substantial step toward attempting to kill or cause serious physical injury to her, and "took off [Victim's] shorts and underwear by the use of forcible compulsion" which was a "substantial step toward the commission of the crime of forcible rape." The final charging document, an Information in Lieu of Indictment, was filed by the State on January 16, 2007, and charged Movant as a prior and dangerous offender, in violation of Sections 558.016 and 557.036.

On January 7, 2008, Movant withdrew his prior pleas of not guilty and entered blind Alford[4] pleas of guilty to each of the three charges. At the plea hearing, Movant testified that he wished to plead guilty because he believed the State had substantial evidence against him and that if his case proceeded to trial there was a substantial likelihood that he would be found guilty. Movant testified that he understood the range of punishment, that he had no complaints or criticisms of his attorney, that he understood the rights he was waiving by pleading guilty, and that he was entering his plea voluntarily and of his own free will. The plea court accepted Movant's plea and found Movant's plea was made "voluntarily and intelligently with a full understanding of the charge and the consequences of the Alford plea and with an understanding of his rights attending a jury trial and the effect of an Alford plea of guilty on those rights." The plea court directed a pre-sentence investigation report be prepared and deferred sentencing accordingly.

Movant appeared for sentencing on April 4, 2008. At that time Movant requested that the court allow him to withdraw his Alford plea. Movant's counsel explained that Movant only pleaded guilty because of the DNA evidence, but that after reading the Victim's written statement Movant felt that Victim was not just mistaken as to what happened but was "outright lying." Counsel argued that after reading the victim's statement, Movant felt that he should have fought and taken his case to trial due to Victim's "lies." The State responded that Movant was "completely lying to the Court" and that Victim's statements were consistent. The court denied Movant's oral motion to withdraw his plea, noting that the court "gave [Movant] plenty of opportunity during the plea that if [Movant] had some second thoughts about the plea and wanted to

---

**3.** No charge for statutory sodomy was listed in the indictment.

**4.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

withdraw [his] plea, [Movant] could have withdrawn it at that point and went ahead with the trial." Having been shown no legal cause why judgement and sentence should not be pronounced, the court sentenced Movant to 15 years imprisonment for the first degree burglary charge to run concurrent to 15 years imprisonment for the first degree assault charge, but both to run consecutive to 30 years of imprisonment for the attempted forcible rape charge. After his sentence was announced, the court questioned Movant regarding his attorney's performance at which time Movant testified that he was satisfied with the services rendered by his attorney. The court found no probable cause existed for a claim of ineffective assistance of counsel.

On June 30, 2008, Movant filed a pro se Motion to Vacate, Set Aside or Correct Judgment or Sentence, pursuant to Rule 24.035. Post-conviction counsel was appointed and filed an amended post-conviction motion requesting an evidentiary hearing on December 3, 2008. The amended motion first alleged that the court erred in sentencing Movant and not granting his request to withdraw his *Alford* plea because the victim's impact statement contradicted her earlier accounts. Movant also alleged the court erred in accepting his plea and sentencing him for both assault in the first degree and attempted forcible rape in violation of his constitutional rights because there was no factual basis for the commission of two assaults necessary to support convictions for both charges.

The motion court denied Movant's request for an evidentiary hearing on December 16, 2008. The motion court subsequently denied Movant's amended motion for post-conviction relief on April 2, 2009. In denying Movant's amended motion, the motion court found with regard to Movant's first claim that:

> Movant failed at the time of sentencing and has failed in his motion to establish any fact that would warrant relief to withdraw his plea. The fact the victim referred to herself as 'a victim of rape' in and of itself does not present a challenge to her credibility or contradict the factual basis to support the charge of attempted rape as laid out by the State. The Movant entered an *Alford* plea, acknowledging the State had substantial evidence against him. The evidence the State elicited to support the factual basis for the charges included not only statements of the victim but statements of independent witnesses, physical injuries, and DNA evidence.

With regard to Movant's second claim, the motion court found:

> [T]he State elicited sufficient evidence to support two separate and distinct crimes. In the indictment and during the recitation of facts supporting the charges, the State alleged Movant assaulted [Victim] when he choked and punched her, resulting in a fractured orbital socket, bruises to her face and clavicle. The State alleged Movant attempted to rape [Victim] when he forcibly removed her clothing. [Victim] was unable to offer an explanation as to how her clothes were removed due to the physical assault, which may have rendered her unconscious. When [Victim's] sister discovered her she was not moving. Further, there were scratches observed in [Victim's] vaginal area at the hospital.

Movant filed a timely Notice of Appeal on May 11, 2009. This appeal follows.

*Points on Appeal*

Movant presents two points on appeal. In his first point, Movant alleges the mo-

tion court clearly erred when it denied his amended motion for post-conviction relief without an evidentiary hearing because he alleged facts, not conclusively refuted by the record, that he was denied his constitutional rights because he was not permitted to withdraw his *Alford* plea of guilty after he revealed his decision to plead guilty was based on a misunderstanding of the State's evidence and the believability of the victim.

In his second point, Movant asserts the motion court clearly erred in denying his motion for post-conviction relief because the record demonstrated he was denied his constitutional rights when the court accepted his plea and entered convictions for both assault in the first degree and attempted forcible rape premised on a single, undifferentiated act of force.

### Standard of Review

Appellate review of a motion court's denial of a post-conviction motion under Rule 24.035 "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). Findings and conclusions are "clearly erroneous" if, after a review of the whole record, we are "left with the definite and firm impression that a mistake has been made." *Weeks,* 140 S.W.3d at 44. This court "presume[s] that the motion court's findings and conclusions are correct." *Johnson v. State,* 172 S.W.3d 831, 834 (Mo.App. S.D.2005).

### Discussion

#### Point I—Denial of Motion to Withdraw Plea

In his first point on appeal, Movant alleges the motion court erred in denying his amended motion for post-conviction relief because the court erred by not allowing him to withdraw his guilty plea after he revealed his decision to plead guilty was

based on a misunderstanding of the State's evidence and the believability of the victim. We disagree and find Movant is barred from raising this issue in his motion for post-conviction relief.

On January 7, 2008, Movant entered a blind *Alford* plea and testified at his plea hearing that he wished to plead guilty because he believed the State had substantial evidence against him and that if his case were to go to trial there was a substantial likelihood that he would be found guilty. The court found that Movant's "*Alford* plea of guilty [was] made voluntarily and intelligently with a full understanding of the charge and the consequences of the *Alford* plea and with an understanding of his rights attending a jury trial and the effect of an *Alford* plea of guilty on those rights." However, at his sentencing hearing, Movant's attorney made an oral motion to withdraw Movant's guilty plea. After reading the victim's impact statement, Movant apparently "realized" that Victim was "not just mistaken, she [was] outright lying about what happened to her," and therefore Movant wished to withdraw his plea. After a discussion on the record, the sentencing court denied Movant's oral motion to withdraw his plea, finding that Movant was given sufficient opportunity to withdraw his plea during his plea hearing. Movant did not appeal from the judgment entered following these convictions.

Because the denial of Movant's oral motion to withdraw his guilty plea is an appealable order, Movant may not now raise that issue in a motion for post-conviction relief. An order denying a defendant's motion to withdraw his plea of guilty is an appealable order. *Belcher v. State,* 801 S.W.2d 372, 374 (Mo.App. E.D. 1990); *State v. England,* 599 S.W.2d 942, 943 (Mo.App. S.D.1980) ("Where a motion

to withdraw a plea of guilty is made before imposition of sentence, an order denying the motion is an appealable order."), *State v. Nielsen,* 547 S.W.2d 153, 154 n. 1 (Mo. App.1977). When no appeal is taken from such an order, that order becomes final. *Belcher,* 801 S.W.2d at 374. Where a defendant fails to appeal an order denying his motion to withdraw his plea of guilty, he is precluded from raising that issue in a post-conviction motion. *Hamilton v. State,* 865 S.W.2d 374, 376 (Mo.App. E.D. 1993); *Belcher,* 801 S.W.2d at 374; *See also State v. Hunter,* 840 S.W.2d 850, 860 (Mo. banc 1992) ("Issues about which defendant and his counsel knew and which could have been raised at trial and by direct appeal may not be raised by post-conviction motion."); *Forsythe v. State,* 779 S.W.2d 309, 312 (Mo.App. S.D.1989).

Although relief was not denied by the motion court on the precise ground which we have articulated here, under proceedings for post-conviction relief, even if the motion court's basis for denying relief is incomplete or incorrect we must affirm the judgment if it is sustainable on other grounds. *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991). Movant's first point is therefore denied for this reason. Because Movant may not raise this issue by post-conviction motion, we need not address the motion court's failure to grant Movant an evidentiary hearing on this point.

### Point II—Factual Basis for Plea/Double Jeopardy Claim

In his second point, Movant alleges the motion court erred when it denied his amended motion for post-conviction relief because the court accepted his plea and entered convictions for both assault in the first degree and attempted forcible rape premised on a single, undifferentiated act of force. Movant asserts the court violated his rights to due process and to be free of double jeopardy because there was an insufficient factual basis from which the court could conclude that Movant both assaulted the victim and used forcible compulsion to attempt to rape her. We disagree.

To warrant an evidentiary hearing, Movant's motion must meet three requirements: (1) it must contain facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Simmons v. State,* 100 S.W.3d 143, 145 (Mo.App. E.D.2003). Where the guilty plea proceedings directly refute that Movant's plea was involuntary, then Movant is not entitled to an evidentiary hearing. *Guynes v. State,* 191 S.W.3d 80, 83 (Mo.App. E.D.2006).

### A. Double Jeopardy Analysis

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states pursuant to the Fourteenth Amendment, protects defendants "from successive prosecutions for the same offense after an acquittal or conviction" and "from multiple punishments for the same offense." *State v. Dennis,* 153 S.W.3d 910, 918 (Mo.App. W.D.2005), *quoting State v. McTush,* 827 S.W.2d 184, 186 (Mo. banc 1992). In Missouri, courts have adopted the rule that "double jeopardy attaches to a guilty plea upon its unconditional acceptance." *State v. Kamaka,* 277 S.W.3d 807, 811 (Mo.App. W.D.2009), *quoting Peiffer v. State,* 88 S.W.3d 439, 444 (Mo. banc 2002).

Protection from multiple punishments "is designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature." *McTush,* 827 S.W.2d at 186. "Dou-

ble jeopardy analysis regarding multiple punishments is, therefore, limited to determining whether cumulative punishments were intended by the legislature." *Id.* Thus a defendant can be subjected to cumulative punishment without violating the Double Jeopardy Clause where "the legislature has specifically authorized cumulative punishment under two statutes proscribing the same conduct." *Id.* We must then first determine whether the legislature intended to provide cumulative punishment for the crimes with which Movant was sentenced. *See id.* at 187.

Our analysis requires this Court to first examine the statutes under which Movant was convicted. *Id.* Movant pleaded guilty to, and was convicted and sentenced for, assault in the first degree and attempted forcible rape. Section 565.050, the statute under which Movant was convicted of assault in the first degree, provides that, "[a] person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Movant also pleaded guilty to attempted forcible rape, defined under Sections 564.011 and 566.030. Section 564.011 provides that a defendant is guilty of "attempt" when "with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." The statute defines "substantial step" as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011. Section 566.030 then provides that forcible rape is "sexual intercourse with another person by the use of forcible compulsion."

There is no language in Sections 565.050 and 566.030 that addresses whether the legislature intended to punish first degree assault and attempted forcible rape cumulatively. When the specific statutes do not address this issue, the general statute regarding cumulative punishments in Section 556.041 is controlling. *McTush,* 827 S.W.2d at 187; *Dennis,* 153 S.W.3d at 919. Section 556.041 provides:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if

(1) One offense is included in the other, as defined in section 556.046; or

(2) Inconsistent findings of fact are required to establish the commission of the offenses; or

(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

In this instance, only subsection (1) of Section 556.041 is arguably applicable. In the context of Section 556.041, Section 556.046.1 provides that:

A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

██ Of the subsections of Section 556.046.1, only subsection (1) applies to this case. Analysis under Section 556.046.1(1) "focuses on the statutory elements of the offenses rather than upon the evidence actually adduced at trial." *McTush,* 827 S.W.2d at 188. "If each offense requires proof of a fact that the other does not, then the offenses are not lesser included offenses, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.* "In other words, a lesser offense is not included in a greater unless it is impossible to commit the greater offense without first committing the lesser." *Kamaka,* 277 S.W.3d at 813. In applying Section 556.046.1(1), the "[t]he elements of each offense are gleaned from the statutes or common law definitions and then compared." *McTush,* 827 S.W.2d at 188. "If each offense is established by proof of an element not required by the other offense, then neither offense is an included offense within the meaning of [Section] 556.046.1(1), and the limitation on convictions for multiple offenses codified at [Section] 556.041(1) does not apply." *Id.; See also State v. White,* 14 S.W.3d 121, 126, 127 (Mo.App. W.D.2000).

In applying this analysis to the present case, Movant's conviction for assault under Section 565.050 required proof that Movant attempt to kill or knowingly cause, or attempt to cause, serious physical injury to another person. Section 565.050 does not require proof of "forcible compulsion." In contrast, the conviction for attempted forcible rape under Sections 566.030 and 564.011, required proof that Movant took a substantial step toward having sexual intercourse with another person by the use of forcible compulsion, but did not require proof that Movant attempted to kill or cause serious physical injury to the victim. Because each of these offenses for which Movant was convicted required proof of a fact or element that was not required by the other offense, the offenses are not "included offenses" within the meaning of Section 556.046.1(1). *See McTush,* 827 S.W.2d at 188.

Because none of the exceptions contained in Section 556.041 are applicable, the general provision of that section, which provides that "[w]hen the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense," controls. *McTush,* 827 S.W.2d at 188. Movant's convictions for assault, under Section 565.050, and attempted forcible rape, under Section 566.030, are thus in accordance with the espoused intent of the Missouri legislature. *See id.*

Movant relies on the "single act of force" rule to support his argument that consecutive sentences imposed on him for assault and attempted forcible rape constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause because the act of choking and punching the victim formed the basis for convictions of both offenses. This argument is flawed in several regards. First, the "single act of force" rule has specifically been abrogated by the Missouri Supreme Court. Movant relies on cases holding that the Double Jeopardy Clause prevents a single act of force proven as an essential element of the crime of forcible rape from being used to constitute the crime of assault. However, as the Missouri Supreme Court noted in *McTush,* "the double jeopardy clause is not a bar to prosecuting a single act of force under different statutes if the legislature intended to punish such conduct cumulatively under both statutes." 827 S.W.2d at 187. In fact, the Court in *McTush* specifically stated that "single act of force rule, ... [as] applied in the context of multiple punishments, ... is abrogated to the extent that it conflicts with the holding" in that

case. *Id.* at 188–189. Second, the cases on which Movant relies no longer control. All of the cases Movant cites with regard to the "single act of force" rule were decided prior to the Missouri Supreme Court's ruling in *McTush.* For instance, Movant cites to *State v. Johnson,* 672 S.W.2d 158 (Mo.App. E.D.1984), which when discussing the single act of force rule, cites to *State v. Richardson,* 460 S.W.2d 537 (Mo. banc 1970), and *Thompson v. State,* 606 S.W.2d 263 (Mo.App.1980). *McTush* specifically abrogated both of those to the extent they conflict with its decision. 827 S.W.2d at 188–89. Movant also cites to *State v. Gibson,* 633 S.W.2d 101 (Mo.App. E.D.1982), which also when discussing the single act of force rule cites *State v. Neal,* 514 S.W.2d 544 (Mo. banc 1974), and *Richardson,* 460 S.W.2d 537. *McTush* also abrogated these cases on that point. 827 S.W.2d at 188–89. Movant's reliance on the "single act of force" rule is therefore unfounded and out-of-date.

Thus, Movant's convictions for both first degree assault and attempted forcible rape do not violate the Double Jeopardy Clause.

#### B. *Insufficient Factual Basis Analysis*

 Movant further alleges there was insufficient factual basis from which the court could conclude that Movant both assaulted the victim and used forcible compulsion to attempt to rape her. Rule 24.02(e) mandates that a "court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." *See also Ivy v. State,* 81 S.W.3d 199, 202 (Mo.App. W.D.2002). A "factual basis" for a guilty plea "is established where the information clearly charges the defendant with all elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt." *Id.* As long as Movant understands "the nature of the charges against him, trial courts are not required to explain every element of the crime." *Id.* Movant is "not required to admit or to recite the facts constituting the offense in a guilty plea proceeding, so long as a factual basis for the plea exists." *Johnson v. State,* 172 S.W.3d at 835.

The record before us clearly refutes the allegations raised by Movant in his postconviction pleadings. The record shows that at Movant's plea hearing, and in the State's charging documents, the State alleged evidence satisfying the elements of the crimes for which Movant was charged and eventually pleaded guilty. Regarding the assault charge, the State alleged Movant punched and choked the victim in an attempt to kill her or cause her serious physical injury. With regard to the attempted forcible rape charge, the State asserted that Movant took off the victim's shorts and underwear by the use of forcible compulsion which was a substantial step toward the commission of forcible rape. The Western District addressed a similar situation in *State v. Elliott,* 987 S.W.2d 418 (Mo.App. W.D.1999). In *Elliott,* the State alleged, with regard to an attempted forcible rape count, that the defendant "forcibly removed the victim's clothes," and, with regard to a first-degree assault count, that the defendant "seriously injured the victim by punching her in the eye." *Id.* at 422. The court in *Elliott* then affirmed the defendant's convictions, reasoning that "[f]orcible rape requires proof of the element of forcible compulsion. It does not require proof of serious physical injury," and "[f]irst-degree assault requires proof that [the defendant] caused serious physical injury, an element not required to establish attempted forcible rape." *Id.* We find Movant's claim of an insufficient factual basis to support his plea is without merit.

We do not find any indication that the motion court's findings and conclusions

were clearly erroneous. The motion court found that the State adequately elicited sufficient evidence to support two separate and distinct crimes. The motion court reasoned that the State recited facts supporting that Movant assault the victim when he choked and punched her and he attempted to rape the victim when he forcibly removed her clothing. These facts are clearly shown in the record, and refute Movant's claims. After a review of the entire record, we are not "left with the definite and firm impression that a mistake has been made." *Weeks*, 140 S.W.3d at 44.

Movant's second point is denied.

### Conclusion

We affirm the motion court's denial of Movant's amended motion for post-conviction relief without an evidentiary hearing.

GEORGE W. DRAPER III, J. and GARY M. GAERTNER, JR., J., Concur.