**J.C. BRYANT, III, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93270.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 15, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 2010.

Jo Ann Rotermund, St. Louis, MO, for appellant.

Chris Koster, Daniel K. Jacob, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

J.C. Bryant (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his amended motion under Rule 24.035[1] to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. We affirm.

### Background

In December 2005, Movant was indicted by a grand jury for assault of a law enforcement officer in the first degree, in violation of Section 565.081[2] (Count I); armed criminal action, in violation of Section 571.015 (Count II); and resisting arrest, in violation of Section 575.150 (Count III). Count I stated, as the basis of the indictment, that Elfonszo Hayes (Officer Hayes) was a law enforcement officer, and that Movant "knew [Officer Hayes] was a law enforcement officer and attempted to kill or to cause serious physical injury to him by trying to stab him with a large kitchen knife."

On April 16, 2007, Movant pleaded guilty on all three counts. The State testified that it could prove the following beyond a reasonable doubt, as a basis for the plea.

[On September 29, 2005], police officers were dispatched over to [Movant's] family's home on Michigan. They were dispatched there because of a family disturbance.... Upon arrival, Officer Hayes and his partner, Officer Adams[,] tried to talk to [Movant].... At some point, [Movant] refused to leave the home at that point as the officers were suggesting. They decided to place him under arrest for a peace disturbance at that time. As they were going back, I believe to retrieve a coat or—it was either a coat or shoes, something, so that they could take him out of the house, he broke away from the officers, making his way to the back of the home where the kitchen is. At that point, [Movant] was able to get into or closer to what was basically a walk-in pan try, covered type area. Officer Hayes, who is substantially bigger than—than—than [Movant] was able to pin him up against the wall. [Movant] was able to free a hand and grab from a large butcher block a knife approximately ... eight to ten inches in length and attempted to repeatedly stab Officer Hayes in such a manner that had he actually had contact, the knife was definitely sufficient to cause injury or internal damage such that Officer Hayes would have been seriously injured; possibly killed. At some point during this, Officer Hayes was trying to get [Movant] to cease resisting but once the knife came out and once

---

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

2. All statutory references are to RSMo 2004, unless otherwise indicated.

those stabbing motions were in place, Officer Hayes felt he had no other option but to try and subdue [Movant] and he was shot one time through the shoulder.

The State then testified that Count I carried a prison sentence often years to thirty years or life; that Count II carried a prison sentence of three years to life; and that Count III carried a prison sentence of one day to one year. The State recommended concurrent terms of ten years incarceration in the Department of Corrections on Count I, three years on Count II, and six months on Count III.

Movant admitted to the truth of the State's evidence during the following exchange with the trial court.

The Court: ... [Movant], did you hear the things that Mr. Minnegerode told us about the State's evidence?

[Movant]: Yes, sir.

The Court: In general, are those things true?

[Movant]: Yes, sir.

The Court: Okay. Let's look at some particulars. First of all, do you live at 6527 Michigan? Or did you at that time?

[Movant]: Yeah, I did at that time sir.

The Court: Okay. And the time we're talking about, September 29th, 2000 and 5, is that right?

[Movant]: Yes, sir.

...

The Court: Okay. It looks like around 11:00 o'clock at night, did the police come to your home?

[Movant]: Yes, sir.

The Court: Did the police then have some conversation with you?

[Movant]: Yes, sir.

The Court: And at some point, did the police ask you to leave that home?

[Movant]: Yes, sir.

The Court: Did you tell the police that you were not going to leave; that you wanted to stay there?

[Movant]: Yes, sir.

The Court: And did the police then attempt to arrest you?

[Movant]: Yes, sir.

The Court: All right. When the police tried to start arresting you, did you run from them and go to another part of the house?

[Movant]: Yes, sir.

The Court: Okay. And as things unfolded from that point, did there turn out to be a struggle between you and one of the police officers who was trying to arrest you?

[Movant]: Yes, sir.

The Court: Did you grab a knife from the kitchen area where you were, at that point?

[Movant]: Yes, sir.

The Court: Did you use that knife to try to stab the police officer who was trying to arrest you?

[Movant]: Yes, sir.

Movant testified that his attorney had explained the ranges of punishment for the charges, and that he understood the ranges and the State's recommendations. Movant stated he accepted the State's recommendations. In response to questioning from the court, Movant confirmed that he had discussed with his attorney the option of continuing to trial, that he understood the trial rights he was waiving, that he was satisfied with his legal counsel, that he had not been threatened or promised anything to plead guilty, and that he was pleading guilty of his own free will with an understanding of the consequences. The court accepted Movant's guilty plea.

Immediately following Movant's April 16, 2007, guilty-plea hearing, the court sentenced Movant, in accordance with the plea agreement, to concurrent terms of ten years imprisonment on Count I, three years on Count II, and six months on Count III.

On October 11, 2007, Movant timely filed a pro se motion for post-conviction relief. Through appointed counsel, he filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing (Amended Motion), in which he argued, as relevant for this appeal, that the trial court erred, first, in failing to inform Movant that the charge to which he was pleading guilty—assault of a law enforcement officer in the first degree—was a "dangerous felony," as defined in Section 556.061, which required Movant to serve 85% of his sentence under Section 558.019.3. Second, Movant contended that the court erred in accepting Movant's guilty plea for first-degree assault of a law enforcement officer without requiring the State to establish a factual basis for the plea. Specifically, Movant claimed the indictment filed against him did not state, nor did the court find during the plea hearing, that Movant "knowingly" attempted to cause serious physical injury to Hayes, which was a required part of the factual basis of the plea for Count I.

The court denied Movant's request for an evidentiary hearing, determining, upon review of the case files and transcript, that Movant failed to allege facts warranting relief, not refuted by the record, which resulted in prejudice. In denying Movant's Amended Motion, the motion court concluded, first, that any failure to advise Movant of factors affecting parole eligibility did not render the guilty plea unintelligent or involuntary; parole is a collateral, not direct, consequence of a guilty plea, which the court was not required to discuss with Movant. Second, the court concluded that the record established a factual basis for the charge of first-degree assault of a law enforcement officer: namely, that Movant "attempt[ed] to kill or knowingly cause[d] or attempt[ed] to cause serious physical injury to a law enforcement officer." Section 565.081. Specifically, the motion court determined that Movant, by admitting that he attempted to stab Officer Hayes, showed his actions were "knowing [ ]."

This appeal follows.

## Standard of Review

■ Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. *Weeks,* 140 S.W.3d at 44. On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary. *Loudermilk v. State,* 973 S.W.2d 551, 553 (Mo.App. E.D.1998).

■ To warrant an evidentiary hearing, movant's motion must meet three requirements: (1) it must contain facts, not conclusions, which if true would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to movant. *Simmons v. State,* 100 S.W.3d 143, 145 (Mo.App. E.D.2003). Where the guilty-plea proceedings directly refute that a movant's plea was involuntary, then Movant is not entitled to an evidentiary hearing. *Guynes v. State,* 191

S.W.3d 80, 83 (Mo.App. E.D.2006); *see also* Rule 24.035(h) (where motion, files, and case records conclusively show that movant is not entitled to relief, evidentiary hearing is not required).

### Discussion

### Point I

In his first point on appeal, Movant argues the motion court clearly erred in denying his Amended Motion because no factual basis existed for Movant's guilty plea, in that the indictment did not state, nor did the State establish, Movant "knowingly" attempted to kill or cause serious physical injury to Officer Hayes. We disagree.

▋ Before accepting a guilty plea, the court must determine there is a factual basis for the plea. Rule 24.02(e); *Wilder v. State*, 301 S.W.3d 122, 130 (Mo.App. E.D.2010). A factual basis exists where the information or indictment clearly charges defendant with all elements of the offense, the nature of the charges are explained to defendant, and the defendant admits guilt. *Id* A trial court can determine the factual basis for a guilty plea from any facts included in the record before judgment. *Huntley v. State*, 204 S.W.3d 668, 674 (Mo.App. S.D.2006).

▋ Movant's argument that the failure to include "knowingly" in the indictment negated any factual basis for the charge, is unavailing. First, when a defendant challenges the sufficiency of an indictment for the first time following a guilty plea, the indictment will be held sufficient unless (1) it does not by any reasonable construction charge the offense to which defendant pleaded guilty, and (2) the defendant demonstrates actual prejudice as a result of the insufficiency. *Brooks v. State*, 242 S.W.3d 705, 709 (Mo. banc 2008); *see also* Section 545.030.1(18) (no indictment shall be deemed invalid for any defect which does not prejudice defendant's substantial rights upon the merits); *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992) (applying our Statute of Jeofails, Section 545.030, omission of word "knowingly" from information was not fatal defect when it sufficiently charged defendant with offense of which he was convicted and defendant was not prejudiced by omission). Section 565.081.1 provides that "[a] person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Here, the indictment set forth that Movant "in violation of 565.081.1, RSMo, ... attempted to kill or to cause serious physical injury to [Officer Hayes] by trying to stab him with a large kitchen knife." The indictment on its face sufficiently charged the offense, and, regardless, Movant has not demonstrated actual prejudice.

▋ Second, the indictment language was not required to include the word "knowingly." The Missouri Approved Charging Manual provides the following charging instruction for assault of a law enforcement officer in the first degree: "defendant knew [name of victim] was (a law enforcement officer) ..., and (knowingly caused) (attempted to kill or to cause) serious physical injury to him." MACH–CR 19.32.[3] Here, the indictment charged the second option, as specifically set forth in the Missouri Approved Charging Manual; and accordingly, the indict-

---

**3.** *See also* MAI–CR 3d 319.32 (assault of law enforcement officer in first degree requires that jury must find that defendant either "[1] attempted to (kill) (or) (cause serious physical injury to) ... [or][2] knowingly caused serious physical injury to ..." the law enforcement officer (emphasis added)).

ment charged Movant with all the elements of the offense. *See Wilder,* 301 S.W.3d at 130.

 It is well settled that a person attempts to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards commission of the offense. Section 564.011.1; *State v. Whalen,* 49 S.W.3d 181, 186 (Mo. banc 2001). To act with purpose means that it is the actor's conscious object to engage in certain conduct or to cause a certain result.[4] *Whalen,* 49 S.W.3d at 186–87. Purpose is also defined as "specific intent." *Id.* at 186. Thus, in the context of assault of a law enforcement officer in the first degree, conviction for attempt to kill or to cause serious physical injury requires proof of specific intent. *Id.*

 "The specific intent element is generally shown by circumstantial evidence, as it is not readily susceptible to proof by direct evidence." *State v. Mann,* 129 S.W.3d 462, 466 (Mo.App. S.D.2004). "Intent may be inferred from surrounding facts, such as evidence of defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct, . . . as well as 'the type of weapon used, manner and circumstances under which it is used, results, and other relevant factors.' " *Id.* (citation omitted).

 Here, there is no question that Movant attempted to evade arrest; that he ran from the police despite knowing their identity; or that while pinned against a wall by Officer Hayes, Movant grabbed an eight-to-ten-inch knife and repeatedly attempted to stab Officer Hayes. Given the natural consequences of stabbing at Officer Hayes with an eight-to-ten-inch knife, it is undeniable that Movant's purpose—or

specific intent—was to engage in conduct that could cause serious physical injury, and that his actions were a substantial step towards committing the offense. *Whalen,* 49 S.W.3d at 186; *see also* Section 564.011.1 ("substantial step" is conduct which corroborates actor's intent to commit offense). While stabbing at Officer Hayes was enough on its own for a conviction for first-degree assault of a law enforcement officer, Movant's flight from the officers moments after they attempted to place him under arrest, further bolsters Movant's specific intent to kill or cause serious physical injury to Officer Hayes. *See Mann,* 129 S.W.3d. at 467 (flight from police officers coupled with other factors demonstrated intent). Under these admitted facts, the motion court clearly did not err in inferring a factual basis for the charges.

Last, the motion court did not err in denying Movant an evidentiary hearing on this claim, because the facts he alleged were refuted by the record. *Guynes,* 191 S.W.3d at 83.

Point denied.

### Point II

In his second point, Movant contends the motion court clearly erred in characterizing parole eligibility as a collateral, rather than direct, consequence of the plea; and thus clearly erred in failing to advise Movant that he was pleading guilty to a dangerous felony, obligating him to serve 85% of his prison term. Movant claims this failure to advise rendered his guilty plea unknowing, involuntary, and unintelligent. We disagree.

 Movant's argument that parole eligibility is a direct, rather than collateral

---

4. To act with purpose, however, does not require that a defendant act with malice, or that the defendant specifically decided to injure

each particular victim. *State v. Whalen,* 49 S.W.3d 181, 186–87 (Mo. banc 2001).

consequence of his plea, is foreclosed by *Reynolds v. State,* 994 S.W.2d 944 (Mo. banc 1999). The Missouri Supreme Court in *Reynolds* held that "eligibility for parole is considered to be a collateral consequence of the plea; thus, information about eligibility for parole is not among those direct consequences about which a defendant must be informed in order for the plea to be entered voluntarily and intelligently." *Id.* at 946. Thus, the motion court here was under no "affirmative obligation" to inform Movant of any parole consequences of his guilty plea. *Id.*; *State v. Rowan,* 165 S.W.3d 552, 555 (Mo.App. E.D.2005) (trial court has no obligation to inform defendant of collateral consequence of guilty plea).

■ Further, the *Reynolds* Court specifically noted that any restriction to parole eligibility, such as a requirement that the defendant serve a percentage of his sentence, is not a "mandatory minimum penalty" of which the court would be required to inform a defendant. *Reynolds,* 994 S.W.2d at 946. Rather, a "mandatory minimum penalty" refers to the low end of the range of punishment, not to any a specific percentage of the sentence that must be served before becoming eligible for parole. *Id.* Here, because Movant was advised of the range of punishment for his crimes, Rule 24.02's requirement was satisfied. *See* Rule 24.02(b)(1) (before accepting guilty plea, court must inform defendant of mandatory minimum penalty provided by law); *Reynolds,* 994 S.W.2d at 946–47. Movant's argument on appeal that the 85% requirement of Section 558.019.3 is a mandatory minimum penalty of which the motion court was obligated under Rule 24.02 to inform Movant, is unavailing. Thus, the motion court did not clearly err, either in neglecting to inform Movant of the 85% requirement, *Weeks,* 140 S.W.3d at 44; or in denying Movant an evidentia-

ry hearing on this argument. *Guynes,* 191 S.W.3d at 83.

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.