Tricia A. CARTER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93478.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 31, 2010.

Jo Ann Rotermund, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Robert J. Bartholomew, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

### Introduction

Tricia A. Carter (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, her Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence pursuant to Rule 24.035 [1] (Amended Motion). We affirm.

### Factual and Procedural Background

Movant was charged by Information with one count of robbery in the first degree, in violation of Section 569.020 [2] (Count I); one count of assault in the first degree, in violation of Section 565.050 (Count III); and two counts of armed criminal action, in violation of Section 571.015 (Counts II and IV). As basis for the robbery count, the Information charged that, at approximately 3:45 p.m. on June 8, 2006, Movant forcibly stole U.S. currency in the possession of Sun McCullough (Victim) at 7913 Page Avenue in St. Louis County, while using and threatening

---

1. Mo. R.Crim. P.2010.

2. All statutory references are to RSMo 2004, unless otherwise indicated.

the immediate use of a dangerous instrument against Victim. In connection with the assault count, the Information charged that, at the same date, time and location, Movant knowingly caused serious physical injury to Victim by stabbing her.

Movant entered a blind plea of guilty to all four counts. During her plea hearing, the plea court read in to the record the charges against Movant as follows:

It is charged, ma'am, in Count 1 that you committed the Class A felony of Robbery in the First Degree in that on or about June 8, 2006, at approximately 3:45 p.m., at 7913 Page Avenue, in the County of St. Louis, State of Missouri, you forcibly stole U.S. currency in the possession of Sun McCullough, and in the course thereof, used or threatened the immediate use of a dangerous instrument against Sun McCullough.

In Count 2, it's charged that you committed the felony of Armed Criminal Action in that on or about June 8, 2006, at approximately 3:45 p.m., at 7913 Page Avenue, in the County of St. Louis, State of Missouri, you committed the felony of Robbery in the First Degree as alleged in Count 1, and you knowingly committed that felony of Robbery in the First Degree by, with and through the use, assistance and aid of a dangerous instrument.

In Count 3, it's charged that you committed the Class A felony of Assault in the First Degree in that on or about June 8, 2006, at approximately 3:45 p.m., at 7913 Page Avenue, in the County of St. Louis, State of Missouri, you knowingly caused serious physical injury to Sun McCullough by stabbing her.

In Count 4, it's charged that you committed the felony of Armed Criminal Action in that on or about June 8, 2006, at approximately 3.45 p.m., at 7913 Page Avenue, in the County of St. Louis,

State of Missouri, you committed the felony of Assault in the First Degree, as alleged in Count 3, and that you knowingly committed that foregoing felony of Assault in the First Degree by, with and through the use, assistance and aid of a dangerous instrument.

After reading the charges, the plea court informed Movant of the penalty ranges for each charged crime, and then inquired of Movant as follows:

[Court]: To the charges as I've read to you, ma'am, do you desire to enter pleas of guilty or not guilty?

[Movant]: Guilty.

[Court]: Are these pleas being entered voluntarily by you of your own free will?

[Movant]: Yes.

[Court]: Has anyone forced you to enter a plea of guilty to any of those charges?

[Movant]: No.

[Court]: Did you in fact do the things I've read that it says you did here?

[Movant]: Yes.

[Court]: Is there anything I've read that it says you did here that you did not do?

[Movant]: No.

[Court]: Now, [Plea Counsel] has been your attorney in this matter, is that correct?

[Movant]: Yes.

[Court]: Are you satisfied with her representation of you?

[Movant]: Yes.

[Court]: Is there anything about her representation of you with which you are dissatisfied?

[Movant]: No.

[Court]: Is there anything you think she should have done that she hasn't done?

[Movant]: No.

[Court]: Is there anything you think she should not have done that she did over your objection?

[Movant]: No.

[Court]: Has she put any pressure on you or in any way forced you to enter a plea of guilty to any of these four charges?

[Movant]: No.

[Court]: Has anyone else?

[Movant]: No.

[Court]: Whose decision is it to enter the guilty pleas, ma'am?

[Movant]: Mine.

[Court]: Is that a free and voluntary decision?

[Movant]: Yes.

[Court]: Do you think you have had enough time to discuss the matter with your attorney and anyone else you wanted to talk to before making that decision?

[Movant]: Yes.

After questioning Movant and Plea Counsel concerning Movant's mental status and informing Movant·of the rights she was waiving by pleading guilty to the charges, the plea court had the State present the facts supporting Movant's pleas:

[State]: Your Honor, the facts as they would show at trial would be that on the date as listed on the Information, [Movant] entered a shop which the victim owned and was working [sic] at the time. [Movant] made contact with the victim, produced a knife with a blade of approximately eight to nine inches and began stabbing the victim around the head and arms as the victim brought her arms up. After multiple stabbing [sic] the victim, [Movant] then proceeded to ask for money. The victim provided money that was on her. She stabbed her an additional time, and then the victim retrieved money from the cash drawer,

provided it to [Movant], and at that time, [Movant] left. There were—according to the facts that we have, there were [sic] more than one time that the victim was stabbed prior to any demand or request for money. Then there was an additional, at least one additional time that [Movant] stabbed the victim after money was provided. All of the stabbings provided injuries to the victim.

[Court]: What would your evidence reflect with regard to the injuries to the victim?

[State]: Your Honor, the victim received multiple stab wounds around the face and neck. Excuse me a moment. I'm just pulling out the victim's medical records. She bled a large amount at the scene. She was. helped by several passersby at the scene and taken immediately from that point out to Barnes–Jewish Hospital and was treated for multiple stab wounds. She was admitted to the emergency room in critical condition after she got to the hospital as a result of multiple stab wounds around the head, neck and arm area.

The plea court ascertained that Movant had heard what the State had indicated its evidence would reflect, and asked Movant if she had anything further she wished to say. The following exchange then occurred:

[Movant]: That is not exactly the way it occurred. I did go in like that, but I did not intend to hurt anyone. I was high on drugs at that time. But I did not just keep repeatedly stabbing this woman after she gave me her money. That is just not the case.

[Court]: Did you stab her before she gave you the money?

[Movant]: When I initially went in there, I more or less—when I grabbed around her neck area, she jerked, and

that is how the first wound got to her. I guess with me being high, I just panicked then. I did stab her a couple of times. Then I asked her for the money, and she gave me the money. I really couldn't tell you how many times because of the condition I was in. But after she gave me the money, I fled the store. I didn't continue to stab her, but I really don't know how many times I actually did because I was high, and I think just kind of detached myself from the situation.

Thereafter, the plea court found, based on Movant's admission to the contents of the Information as supplemented by the State's recitation of the anticipated evidence against Movant, that Movant was, in fact, guilty beyond a reasonable doubt of the charged felonies. The court sentenced Movant to concurrent terms of twenty-five years' imprisonment on each count.

Movant filed a pro se Rule 24.035 Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Subsequently, appointed counsel filed an Amended Motion on Movant's behalf. In her Amended Motion, Movant claimed her pleas were involuntary, unintelligent and unknowing, in that the State failed to establish that she "knowingly" committed the charged crimes due to her drugged state during the assault and robbery. The motion court found that the transcript refuted this claim and denied the motion without an evidentiary hearing. This appeal follows.

### Standard of Review

 Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). The motion court's findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm belief that a mistake has been made. *Roberts*, 276 S.W.3d at 835.

### Discussion

 To warrant an evidentiary hearing, Movant's motion must allege facts, not conclusions, which if true, would warrant relief; the alleged facts must not be refuted by the record; and the matters complained of must have prejudiced the movant. *Wilder v. State*, 301 S.W.3d 122, 127 (Mo.App. E.D.2010). A movant is not entitled to an evidentiary hearing where the guilty plea proceedings directly refute claims the plea was involuntary. *Id.*

In her sole point on appeal, Movant argues that the motion court clearly erred in denying her post-conviction motion because an insufficient factual basis existed for her guilty pleas to first-degree robbery, first-degree assault, and two associated armed criminal action charges. Specifically, Movant avers the plea record did not establish that she acted knowingly in robbing and assaulting the victim.

 Courts must determine that a factual basis exists for a plea prior to entering judgment upon a defendant's plea of guilty. Rule 24.02(e); *Wilder*, 301 S.W.3d at 130. A factual basis for a guilty plea exists when the information clearly charges all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt. *Wilder*, 301 S.W.3d at 130.

 Movant argues that she did not act knowingly in robbing and assaulting Victim because she was "high" when she committed the offenses. But evidence that a defendant was in a voluntarily drugged condition is not admissible for the purpose of negating a mental state that is an element of the offense. Section 562.076.3.

*See State v. Fanning,* 939 S.W.2d 941, 944–48 (Mo.App. W.D.1997).

■ The record reflects that a factual basis existed for Movant's guilty pleas. "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he ... (1)[c]auses serious physical injury to any person; or (2)[i]s armed with a deadly weapon; or (3)[u]ses or threatens the immediate use of a dangerous instrument against any person; or (4)[d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument." Section 569.020.1.

■ The State's Information clearly charged all elements of robbery in the first degree, namely that Movant forcibly stole U.S. currency in the victim's possession, and while doing so, used and threatened the immediate use of a dangerous instrument against the victim. Furthermore, during Movant's plea hearing, the State alleged evidence satisfying the elements of this charged crime. The State asserted that Movant approached Victim at her shop, displayed a knife with a blade of approximately eight to nine inches in length, proceeded to stab Victim around her head and arms multiple times, and then demanded money from Victim. Certainly, a knife with an eight to nine inch blade, under the circumstances in which Movant used it against Victim, constitutes a dangerous instrument. Section 556.061(9) (defining dangerous instrument as any instrument which, under circumstances in which it is used, is readily capable of causing death or other serious physical injury). *See State v. Kobel,* 927 S.W.2d 455, 460 (Mo.App. W.D.1996). The State further alleged that Movant stabbed Victim again even after Victim gave her the money she had on her person.

When given the opportunity to respond, Movant denied the State's factual recitation was entirely accurate, stating that she "did not just keep repeatedly stabbing this woman after she gave me her money." However, Movant personally testified that when she entered Victim's shop, she grabbed Victim around the neck and "did stab her a couple of times" before demanding and receiving money from Victim. Thus, Movant's own admissions established that she was guilty beyond a reasonable doubt of committing robbery in the first degree. Movant forcibly stole money from Victim while using and threatening the immediate use of the knife with an eight or nine inch blade, a dangerous instrument. Moreover, the record shows her guilt as to the associated armed criminal action count also was established. Section 569.020.2 (first-degree robbery is class A felony); Section 571.015.1 (any person who commits any felony with, or through use, assistance, or aid of dangerous instrument is also guilty of crime of armed criminal action).

■ Regarding the crime of first-degree assault, likewise the record shows that, at Movant's plea hearing and in the State's charging documents, the State alleged evidence satisfying the offense's elements. An individual commits the crime of first-degree assault "if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. The Information charged that Movant knowingly caused serious physical injury to Victim by stabbing her. A person acts knowingly with respect to his conduct when he is aware of the nature of his conduct, or with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause that result. Section 562.016.3. *See State v. Stiegler,* 129 S.W.3d 1, 4 (Mo.App. S.D.2003).

During the plea hearing, in addition to stating that Movant repeatedly stabbed Victim in the head and arm area with a knife, the State also asserted that Victim was taken to an emergency room where she was admitted in critical condition with multiple stab wounds to her head, neck and arms. It is undeniable Movant had to be aware that her conduct, inflicting multiple stab wounds to Victim's head and neck with a large knife, was practically certain to cause serious physical injury to Victim. Again, the record before us reveals that a factual basis existed for Movant's guilty pleas to first-degree assault and its associated armed-criminal-action count. Section 565.050.2 (first-degree assault is class A felony if actor inflicts serious physical injury on victim); Section 571.015.1. *See also State v. Howerton*, 691 S.W.2d 516, 517–18 (Mo.App. S.D.1985) (evidence that defendant plunged knife to hilt in victim's abdomen, resulting in serious injury requiring emergency surgery, conclusively showed defendant knowingly caused serious physical injury to victim).

The motion court did not clearly err in denying Movant's Amended Motion without an evidentiary hearing because the record of the guilty-plea proceedings directly refutes her claim that the plea record failed to establish she acted knowingly in robbing and assaulting Victim.

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concurs.