

# Missouri Court of Appeals

## Southern District

### In Division

ANTHONY SAUCEDO, )
)
Appellant, )
) No. SD37985
vs. )
) FILED: March 6, 2024
STATE OF MISSOURI, )
)
Respondent. )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica L. Kruse, Judge

**AFFIRMED**

Anthony W. Saucedo ("Defendant") appeals the circuit court's judgment, following a

bench trial, convicting him of the class B felony of attempted second-degree assault against a law

enforcement officer in performance of that officer's official duties. *See* sections 565.002 and

565.052.[1]  In a single point, Defendant challenges the sufficiency of the evidence to support that

conviction.  Finding no merit in Defendant's point, we affirm.

### Standard of Review

> Appellate review of sufficiency of the evidence is limited to whether the
> State has introduced sufficient evidence from which a reasonable juror could have
> found each element of the crime beyond a reasonable doubt.  This Court does not
> reweigh the evidence but, rather, considers it in the light most favorable to the

---

[1] Unless otherwise specified, all references to statutes are to RSMo 2016, as updated through RSMo Cum.Supp.
(2017).

verdict and grants the State all reasonable inferences. Contrary evidence and inferences are disregarded. The Court may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences.[2]

*State v. Hunt*, 451 S.W.3d 251, 257 (Mo. banc 2014) (internal citations omitted).

## Factual and Procedural Background

Defendant's conviction stems from his involvement in a high-speed vehicular pursuit with law enforcement. While attempting to flee in an Oldsmobile Alero on Highway 65, Defendant approached the location of Deputy Austin Williams ("Deputy Williams"), an officer of the Christian County Sheriff's Office, who was on routine patrol in a marked Chevy Tahoe. Deputy Williams learned of the pursuit from his police radio, intervened, and attempted to conduct a maneuver against Defendant known as a tactical vehicle intervention ("TVI").[3]

As Deputy Williams attempted a TVI, Defendant "slammed" on his brakes, and Deputy Williams passed Defendant. Deputy Williams, who was now ahead of Defendant, began weaving his patrol vehicle back and forth across the available two lanes of highway. Defendant drove onto the shoulder, and pulled up alongside Deputy Williams' patrol vehicle. Defendant then swerved into and collided with the driver's side door of Deputy Williams' patrol vehicle. Deputy Williams described the impact as a "sideswipe" that caused him to momentarily lose control. According to another police officer in pursuit, Corporal Kenneth Burgner ("Corporal Burgner"), Defendant's sideswipe appeared intentional because Defendant did not veer away from Deputy Williams' patrol vehicle as is typical when one merely attempts to pass another vehicle.

---

[2] As is the case here, we "review[] the sufficiency of the evidence in a court-tried criminal case by applying the same standard used in a jury-tried case." *State v. Holman*, 230 S.W.3d 77, 82 (Mo.App. 2007).

[3] A TVI is conducted by matching the speed of the fleeing vehicle and "gradually turning into the rear of the [fleeing] vehicle, making contact with that vehicle and causing it to spin out and disable the vehicle."

Following the sideswipe, Deputy Williams maintained pursuit and attempted another TVI. As Deputy Williams pulled alongside the passenger side of Defendant's vehicle, Defendant swerved and hit his brakes causing the front driver side of Deputy Williams' patrol vehicle to collide with Defendant's vehicle. The pursuit continued until Defendant eventually abandoned his vehicle in a neighborhood, fled on foot, and was apprehended by law enforcement. After being Mirandized,[4] Defendant commended Deputy Williams for managing to keep up with Defendant and stated he wished the pursuit had continued into Taney County "so that he could show the Taney County deputies how to drive."

The State's amended information charged that Defendant "attempted to cause physical injury to Deputy Williams, a law enforcement officer engaged in the performance of his official duties, a special victim, by means of a dangerous instrument by swerving [Defendant]'s vehicle into the vehicle operated by Deputy Williams." On this count, Defendant waived his right to a jury trial, and the circuit court ultimately found him guilty as charged and sentenced him to a ten-year term of imprisonment to run consecutive to his other sentences.[5] Defendant timely appeals.

## Discussion

A person commits attempted second-degree assault if that person "[a]ttempts to cause . . . physical injury to another person by means of a deadly weapon or dangerous instrument[.]" Section 565.052.1(2). This offense is a class B felony if the victim is a "special victim," which includes "[a] law enforcement officer assaulted in the performance of his or her official duties or as a direct result of such official duties[.]" Sections 565.002(14)(a) and 565.052.3. The general

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] Attempted second-degree assault against a law enforcement officer in performance of that officer's official duties was one of three charges against Defendant. As to the remaining two charges—first-degree tampering and resisting a lawful stop—Defendant pleaded guilty, and the circuit court sentenced him to imprisonment terms of seven years and five years, respectively.

attempt statute provides that "[g]uilt for an offense may be based upon an attempt to commit an offense if, *with the purpose* of committing the offense, a person performs any act which is a substantial step towards the commission of the offense." Section 562.012.1 (emphasis added). A person acts "with purpose" with respect to that person's conduct or to a result thereof "when it is his or her conscious object to engage in that conduct or to cause that result." Section 562.016.2. The general attempt statute defines "substantial step" as "conduct which is strongly corroborative of the firmness of the actor's *purpose* to complete the commission of the offense." Section 562.012.1 (emphasis added). "Purpose is also defined as 'specific intent.'" ***Bryant v. State***, 316 S.W.3d 503, 509 (Mo.App. 2010) (quoting ***State v. Whalen***, 49 S.W.3d 181, 186 (Mo. banc 2001)).

Here, Defendant does not dispute the Oldsmobile Alero he drove while fleeing law enforcement satisfies the definition of a "deadly weapon or dangerous instrument" as required by section 565.052.1(2). Nor does Defendant dispute Deputy Williams was a "special victim" as required by sections 565.002(14)(a) and 565.052.3. Defendant further concedes that during the pursuit his vehicle collided with the driver's side of Deputy Williams' patrol vehicle. The only challenge Defendant raises is the State presented insufficient evidence that, in colliding with Deputy Williams' patrol vehicle, Defendant acted with specific intent to cause Deputy Williams physical injury. All of Defendant's proffered arguments in support of this challenge, however, are without merit.

Defendant first notes the prosecutor stated in closing argument that Defendant "would be aware that his conduct in striking the vehicle could be practically certain to cause that result, so that it could potentially have caused the wrecking of the vehicle, could have caused Deputy Williams to suffer physical injury as a result of that." According to Defendant, by arguing that

4

he was "practically certain" to have known or "could have" known the result of his conduct, the prosecutor misstated the requisite intent at issue. But whatever the case, "it is the evidence presented, and reasonable inferences drawn therefrom—not a prosecutor's argument—that is the relevant factor in determining whether a reasonable fact-finder could have found Defendant guilty beyond a reasonable doubt." *State v. Halverson*, 541 S.W.3d 1, 6 (Mo.App. 2018). Defendant's reliance on the prosecutor's closing argument, therefore, is unavailing.

In turning to and addressing the evidence, Defendant devotes much of his remaining argument to the pursuit tactics Deputy Williams employed against Defendant. In determining whether there was sufficient evidence Defendant harbored the requisite intent to sustain his conviction, however, the focus is on *Defendant's* actions, not the actions of Deputy Williams. *See State v. Light*, 407 S.W.3d 135, 137 (Mo.App. 2013). Defendant further notes he made no express statement regarding his intent. But "[s]pecific intent is generally shown through circumstantial evidence and may be inferred from surrounding facts, such as the type of weapon used, the manner and circumstances under which it was used, and other relevant factors, including the defendant's conduct before, during, and after the act." *State v. Gilbert*, 531 S.W.3d 94, 99 (Mo.App. 2017) (internal quotation marks omitted). Defendant additionally relies on instances during the pursuit in which he argues he sought to avoid a collision with Deputy Williams' patrol vehicle. The reliance on such evidence and inferences is unavailing, however, as those run contrary to our standard of review. *See Hunt*, 451 S.W.3d at 257.

Near the end of his argument, Defendant acknowledges Corporal Burgner testified that Defendant's sideswipe appeared intentional. But without any citation to supporting authority or analysis, Defendant concludes: "Taken in a light most favorable to the verdict, this may be evidence that [Defendant] sought to damage or disable the Tahoe. However, it is not evidence

5

that [Defendants]'s purpose or desire was to cause physical injury to the driver of the Tahoe, Deputy Williams."

Defendant's argument is misguided, first and foremost, as it attempts to infer a purpose for Defendant's sideswipe that is inconsistent with the circuit court's judgment. Considering, instead, the evidence in the light most favorable to the judgment, we note that *State v. Gonzales*, 652 S.W.2d 719 (Mo.App. 1983), a case Defendant relies upon elsewhere in his brief, proves instructive. Like the instant case, *Gonzales* involved a high-speed vehicular pursuit and an assault conviction arising from the defendant's use of his vehicle against a police officer. *Id.* at 720-21. The police officer, informed of the pursuit over his police radio, parked his patrol vehicle near an exit ramp on the interstate on which the defendant's vehicle was approaching. *Id.* at 721. The exit ramp was unobstructed and there was an island with signs and markers on metal posts between the exit ramp roadway and the location of police officer's patrol vehicle. *Id.* Additionally, the police officer activated the flashing red lights on his patrol vehicle and flashed a spotlight at the defendant's vehicle as it approached. *Id.* Yet, the defendant drove his vehicle off the exit ramp roadway, jumped the curb of the island, avoided the signs, and headed straight towards the police officer's patrol vehicle. *Id.* The police officer "scooted towards the passenger side of the seat," "gunned" his accelerator, and the defendant missed striking the patrol vehicle by inches. *Id.*

The defendant was convicted of first-degree assault under section 565.050.1(2), RSMo 1978, for attempting to kill or cause serious physical injury to the police officer and, on appeal, argued the evidence was insufficient to support the verdict. *Id.* at 722. The western district of this Court recognized that the State was required to prove, under the general attempt statute, the defendant acted with the purpose of committing the offense. *Id.* The court held "that the

evidence was sufficient to show prima facie the requisite specific intent to cause death or serious physical injury." *Id.* at 723.  In so holding, the Court noted the following evidence allowing a reasonable inference that the defendant *intended* to crash into the patrol vehicle:  the patrol vehicle was too conspicuous, there were warning signs on the island, there was nothing preventing the defendant from proceeding on the exit ramp, and, yet, the defendant's vehicle made a sharp left turn to head towards the patrol vehicle.  *Id.*

Unlike the offense in *Gonzales*—involving the attempt to *kill or cause serious physical injury*—the State here was only required to prove that Defendant attempted to cause *physical injury* to Deputy Williams.  *See* section 565.052.1(2).  As applicable to the first-degree assault offense in *Gonzales*, "serious physical injury" was defined as "physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."  Section 556.061(24), RSMo 1978. In contrast, and as applicable here, "physical injury" is defined merely as "slight impairment of any function of the body or temporary loss of use of any part of the body."  Section 556.061(36).

To conclude, *Gonzales* involved a narrow escape from an imminent T-bone collision to the driver's side of an occupied, stationary vehicle.  The instant case involves a sideswipe collision on the driver's side of an occupied, moving vehicle.  In both cases, there was evidence the collision or attempted collision was intentional.  If, as in *Gonzales*, the evidence was sufficient to show a specific intent to *kill or cause serious physical injury*, we fail to see, and Defendant does not explain in his discussion of that case,[6] how the evidence here was not

---

[6] Defendant suggests that *Gonzales* stands for the proposition that "a safe and accessible exit to avoid a collision is an important factor in determining whether a defendant acted purposefully" and goes on to argue that "the State failed to prove that [Defendant] had any safe and accessible exit at the time his Oldsmobile collided with Deputy Williams' Tahoe."  This argument ignores, at a minimum, that circumstantial evidence of intent is context specific and the evidence as we must view it here showed that Defendant's sideswipe was *intentional*, not accidental or unavoidable as his argument suggests.

7

sufficient to show a specific intent to cause and was not a substantial step towards causing the far

less serious requirement of *physical injury*. Point denied.

## Decision

The circuit court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS